■ BERRY ESTATES, INC., et al., Appellants, v VILLAGE OF SPRING VALLEY, et al., Respondents. — In an action, *inter alia,* for a judgment declaring a resolution of the Village Board of the Village of Spring Valley determining that a housing emergency existed and all guidelines and regulations promulgated pursuant thereto invalid, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Marbach, J.), entered April 14, 1983, as upon granting reargument of a motion to resettle a judgment of the same court, entered November 18, 1982, adhered to the original determination resettling said judgment so as to provide that its direction to return to plaintiffs moneys paid into escrow as "excess rents" be limited to only those sums paid into escrow in connection with this action and that no direction be made as to sums paid into escrow as "excess rents" in connection with another action pending between the parties.

Appeal dismissed, without costs or disbursements, and order entered April 14, 1983 and amended order and judgment of the same court, dated February 2, 1983, vacated.

By order of this court dated March 19, 1984, it was declared that the resolution in question was valid and the moneys paid into escrow *in this action* as "excess rents" were directed to be returned to the tenants who paid them rather than to the plaintiffs (*Berry Estates v Division of Housing & Community Renewal,* reported *sub nom. Spring Val. Gardens Assoc. v Marrero,* 100 AD2d 93, apps dsmd 62 NY2d 801). That being the case, this appeal is moot, and the amended order and judgment of the Supreme Court, Rockland County, dated February 2, 1983 and the order of the same court entered April 14, 1983, which are inconsistent with the order of this court dated March 19, 1984 must be vacated. Lazer, J. P., O'Connor, Rubin and Boyers, JJ., concur.